**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

MOUSTAFA ELHAWARI and
SHERRY ELHAWARI,

    Plaintiffs,

                                  Case No. 25-CV-335

v.

TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC. et al.,

    Defendants

### Plaintiffs' Motion to Extend Discovery Deadlines by Eight (8) Months Pursuant to Rule 16(b)(4)

Plaintiffs, Moustafa Elhawari and Sherry Elhawari, proceeding pro se, respectfully move the

Court to extend the discovery deadlines in this matter by eight (8) months.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for

good cause and with the Court's consent. Good cause exists because Plaintiffs have not yet had a

full and fair opportunity to complete necessary discovery essential to their claims and

Defendants' defenses.

## I. GOOD CAUSE EXISTS UNDER RULE 16(b)(4)

1. Plaintiffs require additional time to retain an economic expert to evaluate the adequacy of the

settlement agreement.

2. Plaintiffs also require additional time to retain and consult with a forensic psychiatrist to

evaluate Plaintiff's mental condition and capacity at the time of the settlement agreement.

3. Plaintiffs require additional time to prepare for and take the deposition of Dr. Holiday,

Defendants' Rule 35 expert.

4. Plaintiffs require additional time to verify the documents relied upon by Dr. Holiday, which may require subpoenas to third parties to obtain and confirm those records.

5. Plaintiffs require additional time to prepare for and take the deposition of Lisa Mullins.

6. Plaintiffs require additional time to serve Defendants with discovery requests and obtain relevant documents.

7. Plaintiffs require additional time to obtain evidence relating to Defendants' alleged civil conspiracy led by Transocean legal department.

8. Plaintiffs require additional time to develop facts relating to events affecting Plaintiff's mental health and capacity for decision-making.

9. Plaintiffs require additional time to accommodate Plaintiff's ongoing medical condition, **which has been submitted to the Court for in camera review**, and to allow Plaintiff to effectively litigate this case.

10. Plaintiffs require additional time to develop the factual record necessary to respond to and prepare summary judgment motions.

## II. ARGUMENT AND LEGAL STANDARD

**A.** This case involves the validity of a seaman's release, which is subject to heightened scrutiny under Fifth Circuit law. Courts examine whether the consideration was adequate, whether the seaman had sufficient medical and legal advice, and whether the agreement was entered at arm's length without overreaching. See Garrett v. Moore-McCormack Co., 317 U.S. 239, 248 (1942). An economic expert will be required to evaluate the adequacy of the consideration and determine the value of the claims.

**B.** Considering the facts and the claims, including the alleged inducement, Plaintiffs require additional discovery where Defendants allegedly promised Plaintiff a job for life when Plaintiff

intended to take legal action following documented discrimination and a workplace injury involving the loss of part of his finger, and later required Plaintiff to sign a release for less than $10,000 while threatening his employment, including claims for discrimination, personal injury, and sexual assault.

**C.** Plaintiffs have acted diligently in attempting to retain expert witnesses. As a pro se litigant, Plaintiff contacted more than forty experts and only recently identified two potential experts willing to assist. In contrast, Defendants, through counsel, were able to retain experts quickly, while some providers refused to work with Plaintiff because he is not represented by counsel. Because expert testimony will directly affect summary judgment and the outcome of this case, additional time is necessary. Despite Plaintiff's diligence, he cannot overcome the practical limitations of proceeding pro se.

**D.** The deposition of Dr. Holiday, Defendants' Rule 35 expert, will require substantial preparation. This includes obtaining and reviewing the materials he relied upon, his prior testimony, publications, and area of expertise, as well as his raw notes, communications, and billing information. The materials relied upon by Dr. Holiday must also be verified and may require additional discovery, including depositions. For example, Dr. Holiday relied on a report from the Medic on the rig that Plaintiff did not sign. Plaintiff also received medication from the Medic, which is not reflected in the report. These inconsistencies raise questions regarding the accuracy and reliability of the materials relied upon and require further discovery. Preparing for this deposition is time-intensive and may take several weeks or more.

**E.** Plaintiffs will retain a forensic psychiatric expert, which will require obtaining and providing all relevant records and allowing sufficient time for the expert to review and evaluate those materials. This expert analysis may directly affect summary judgment.

**F.** Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause.

**G.** The Fifth Circuit has made clear that a party must be afforded a full and fair opportunity to conduct discovery before being required to respond to dispositive motions. McCoy v. Energy XXI GOM, LLC, 695 F. App'x 750, 759 (5th Cir. 2017); Brown v. Miss. Valley State Univ., 311 F.3d 328, 333 (5th Cir. 2002); Trevino v. Celanese Corp., 701 F.2d 397, 405 (5th Cir. 1983). Where a party is denied the opportunity to obtain discovery necessary to develop its claims, such limitation constitutes an abuse of discretion. Miller v. Sam Houston State Univ., 986 F.3d 880, 892 (5th Cir. 2021); Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 428 (5th Cir. 2005); Vantage Deepwater Co. v. Petrobras Am., Inc., 966 F.3d 361, 373 (5th Cir. 2020).

**H.** The Fifth Circuit further requires that a party be given a meaningful opportunity to present its case before dispositive rulings are made. Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006); Davoodi v. Austin Indep. Sch. Dist., 755 F.3d 307, 310 (5th Cir. 2014); Lozano v. Ocwen Fed. Bank, FSB, 489 F.3d 636, 643 (5th Cir. 2007).

**I.** Plaintiffs previously requested a temporary pause of discovery due to Plaintiff's medical condition and therefore have not had the full opportunity to complete discovery within the current schedule. Plaintiffs require additional time to retain experts, take depositions, and obtain necessary records to develop the factual record for summary judgment and trial. Without such discovery, Plaintiffs will be prejudiced in presenting their claims and challenging Defendants' evidence.

**J.** Since the December 15 conference, the Court stated that Plaintiff chose to be a plaintiff in this case, as if it were improper to use the legal system to resolve this dispute after Plaintiff reported his medical condition. The Court also referenced a Rule 35 examination and potential dismissal

of the case, and asked Defendants' counsel when they would be able to file a summary judgment

motion, as if they were the only party in this case, while also stating that the case is not complex.

All of this raises serious concerns regarding discovery, its scope, and whether Plaintiff is being

given a fair opportunity to litigate this case.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court extend the discovery

deadlines by eight (8) months and grant such other relief as the Court deems just and proper.

Respectfully submitted,
/s/ Moustafa Elhawari
Email: moustafa.elhawari5@gmail.com
/s/ Sherry Elhawari
3-31-2026

## Certificate of Service

I certify that on March 31, 2026, a true and correct copy of the foregoing was filed via CM/ECF, which serves all counsel of record.

/s/ Moustafa Elhawari
/s/ Sherry Elhawari

### Certificate of Conference

I certify that as of March 31, 2026, I have conferred with all counsel of record, and they have stated that they are opposed to the relief requested herein.

/s/ Moustafa Elhawari
/s/ Sherry Elhawari

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

MOUSTAFA ELHAWARI and
SHERRY ELHAWARI,

    Plaintiffs,

                                          Case No. 25-CV-335

v.

TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC. et al.,

    Defendants

## [PROPOSED] ORDER

Plaintiffs' Motion to Extend Discovery Deadlines is GRANTED.

The discovery deadlines are extended by eight (8) months. All related deadlines shall be adjusted accordingly.

SIGNED this ___ day of _____, 2026.

                                            _____

                                          Christina A. Bryan
                                          United States Magistrate Judge